UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLYNNIS BOHANNON, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>FACEBOOK, INC.,<br><br>　　　　Defendant. | Case No. 12-cv-01894-BLF<br><br>**ORDER GRANTING DEFENDANT'S REQUEST TO FILE CERTAIN DOCUMENTS UNDER SEAL**<br><br>[ECF 81] |

## I.　BACKGROUND

This sealing dispute comes before the Court in regard to a Motion for Class Certification, filed by Plaintiffs in the above-captioned matter on August 21, 2014. Along with their Motion for Class Certification, and pursuant to the terms of the parties' Stipulated Protective Order (*see* ECF 67), Plaintiffs filed with this Court an administrative motion to file certain documents under seal. ECF 81. The information Plaintiffs asked the Court to seal referenced documents that Defendant Facebook had designated "confidential" or "highly confidential." *Id.* As required by the Protective Order, Defendant filed a memorandum in support of Plaintiffs' Motion. ECF 87. Following this filing, Plaintiffs informed the Court that they intended to contest Facebook's designations of confidentiality, stating that "[h]aving reviewed Facebook's justifications for its designations of confidentiality and redactions[,] Plaintiffs now believe that most of the redactions [] are improper." ECF 90 at 2.

The parties attempted, unsuccessfully, to reach an agreement as to what information should be sealed. After these attempts, the parties filed additional briefs with the Court regarding the

dispute.[1] Defendant, in its Memorandum in Support of Plaintiffs' Administrative Motion, identified for the Court the exhibits and redactions that it sought to have sealed. *See* ECF 87 at 3-5.[2] For the reasons outlined below, the Court GRANTS Defendant's request to have certain documents filed under seal.

## II.   LEGAL STANDARD

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In general, a party "seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). This Circuit has "carved out an exception to the presumption of access" to judicial records "filed under seal when attached to a non-dispositive motion." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1129 (9th Cir. 2003). A party seeking to file documents under seal in relation to a non-dispositive motion must show only "good cause" for the sealing request. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

"[T]he vast majority of courts within this circuit treat motions for class certification as non-dispositive motions to which the 'good cause' standard applies." *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) (*citing In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 n.1 (compiling cases and, though recognizing that "there may be circumstances in which a motion for class certification is case dispositive," stating that

---

[1] Plaintiffs' Opposition, at 19 pages, exceeds by nearly four-fold the number of pages permitted in briefing an administrative motion. Civil L.R. 7-11(a)-(b). Though the Court had granted the parties a small page extension for purposes of the Class Certification Motion, neither party sought leave of Court to extend the page limits with regard to the dispute over the Motion to Seal. *See* ECF 94 (stipulated briefing schedule regarding the sealing dispute). Plaintiffs are instructed to review Civil Local Rule 7-11(b), which outlines in (short) detail the rules for filing an Opposition to a Motion for Administrative Relief.

[2] To keep things easy-to-follow, and prevent confusing cross-references to the many pages of documents the parties have filed in relation to this dispute, the Court will consider this chart, provided by Defendant, as fully-inclusive of the documents Defendant requests this Court keep sealed for purposes of Plaintiffs' Motion for Class Certification.

2

1  "the Court applies a 'good cause' standard here in accordance with the vast majority of other
2  courts within this circuit")).[3]

3  Good cause may exist to seal documents that are "privileged, contain trade secrets, contain
4  confidential research, development or commercial information, or if disclosure of the information
5  might harm a litigant's competitive standing." *Dugan*, 2013 WL 1435223, at *2. A party must
6  make a "particularized showing" [of good cause] for each individual document it seeks to seal. *See*
7  *Kamakana*, 447 F.3d 1172, 1180. "[B]road allegations of harm, unsubstantiated by specific
8  examples or articulated reasoning," are insufficient. *In re High-Tech Employee Antitrust Litig.*,
9  2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (*citing Beckman Indus. Inc. v. Int'l Ins. Co.*, 996
10  F.2d 470, 476 (9th Cir. 1992)).

11  **III.    ANALYSIS**

12  In its initial sealing motion, Plaintiffs sought to seal in their entirety 34 Exhibits to the
13  Declaration of John Parker, and any corresponding references to those sealed documents in its
14  Memorandum of Points and Authorities supporting the Motion for Class Certification. *See* ECF
15  81.

16  Defendant now asks to seal 24 documents in their entirety,[4] documents it states "consist[]
17  entirely or almost entirely of sensitive, nonpublic information the public disclosure of which
18  would be harmful to Facebook or to Facebook['s] users or partners." Richardson Decl., ECF 88 ¶
19  1. Additionally, Defendant asks the Court to seal limited portions of five additional documents:

---

[3] Plaintiffs argue that motions to seal are "especially disfavored in class actions." Pls.' Opp. at 3. Though transparency is valued in the class action context, particularly when it is possible that a determination will bind absent and potential class members, courts in this district and circuit have not held that motions to seal are "expressly disfavored" in the class action context, particularly as the courts in this circuit have applied the "good cause" standard for sealing documents when adjudicating motions to seal in the class action certification context, rather than the heightened "compelling reasons" standard used for dispositive motions. *See, e.g.*, *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013).

[4] These documents, discussed in greater detail below, are: Declaration of John Parker Exhibits G, H, I, K, L, M, N, O, P, Q, R, U, DD, EE, FF, GG, II, JJ, KK, LL, MM, NN, OO, and PP. Richardson Decl., ECF 88 ¶ 10. Defendant also asked the Court to seal Exhibits RR and SS but, pursuant to a stipulation between the parties recognizing that these two exhibits had been improperly filed, *see* ECF 86-1, Exhibits RR and SS have been removed from the docket and the Court does not analyze them in this Order.

Parker Exhibits D, E, F, and V, and the corresponding sections of Plaintiffs' Memorandum of Points and Authorities that reference any sealed document. *See* Richardson Decl. at ¶ 24 (consisting of a chart outlining the portions of the documents Defendant seeks to be sealed).

The Court discusses Defendant's particularized analysis of these documents below.

### A. Documents Defendant Asks the Court to Seal in Their Entirety

Defendant contends that the documents it seeks to seal in their entirety consist "entirely or almost entirely" of sensitive information. Richardson Decl. ¶ 10. Local Rule 79-5 demands that sealing requests be "narrowly tailored" such that they seek to seal "only the sealable material," and not material that otherwise should be accessible by the public. *See* Civil. L.R. 79-5(d)(1)(b). Having reviewed the documents at issue, the Court agrees with Defendant that these 24 documents include substantial amounts of confidential or proprietary information, such that attempts to redact the documents would leave very little public information unredacted. *See, e.g.*, Richardson Decl. ¶¶ 11-22. The documents, by and large, are extremely brief, many not exceeding two pages. As such, for these 24 documents at issue, the Court finds the request to seal the documents in their entirety to be narrowly tailored in conformance with Civil Local Rule 79-5.

#### 1. Exhibits G, H,[5] and M

These documents consist of studies done by a Facebook employee in Facebook's Risk Operations ("RiskOps") group. *See* Richardson Decl. ¶¶ 11, 15. Facebook argues that these studies include "specific classifications that Facebook uses to identify and monitor fraud, as well as numerical data . . . related to the number of transactions," *id.* at ¶ 11, and "technical capabilities of Facebook systems." *Id.* at ¶ 15. The Court agrees with Defendant that disclosure of this information "could be abused by malicious parties to exploit Facebook and could be used by Facebook's competitors" to harm the company economically, *id.*, and finds that good cause exists to seal these documents. The Court ORDERS Plaintiff to file Exhibits G, H, and M under seal in their entirety.

---

[5] Exhibit H consists of a single page of information that is wholly included in Exhibit G, but that is blown-up into a larger print size.

### 2. Exhibits I, N, R, EE, and II

These five exhibits contain information regarding an inquiry by a game developer, Rovio Entertainment Ltd., to Facebook regarding refunds associated with one of Rovio's games. Facebook contends that disclosure of these five documents would reveal information about its refund policies and practices, and permit users to "exploit Facebook's refund system." Richardson Decl. at ¶ 12. Facebook further contends that revealing these five documents would "reveal details about Facebook's business relationship with Rovio" that could harm both companies' business dealings with other corporations in the future. *Id.*

Plaintiffs argue that part of Defendant's rationale here, that "dishonest users" will exploit Facebook's refund policies, is a "boogeyman" and is unsupported by specific facts, such that information regarding refund policies need not be redacted. *See, e.g.*, Pls.' Opp. at 6-7. However, Plaintiffs concede that Defendant has provided them with information regarding separate occasions in which dishonest users have attempted to defraud Facebook. *Id.* at 6. It seems logical for Defendant to be concerned, given their past experiences with such dishonest users, that public disclosure of their refund and fraud detection policies could cause the company financial harm.

Finding good cause, the Court ORDERS Plaintiffs to file Exhibits I, N, R, EE, and II under seal in their entirety.

### 3. Exhibit K

This document contains a list of features employed by Facebook's fraud management system. Much like the information contained in Exhibits G and H, Facebook contends that this information, if disclosed, would harm its ability to "detect and manage fraudulent behavior." Richardson Decl. ¶ 13. Such disclosures could cause Facebook financial and operational harm. The Court finds good cause for sealing the document, and ORDERS Plaintiffs to file Exhibit K under seal in its entirety.

### 4. Exhibits L and Q

These two documents include portions of internal discussions regarding user "chargebacks," which occur when users dispute purchases they made on Facebook with their own credit card companies. Exhibit L includes details regarding Facebook's current and proposed

5

system for dealing with such chargebacks, and Exhibit Q includes a discussion of the process by which users can request a refund directly from Facebook instead of seeking a refund from their charging company. This information, if publicly disclosed, could result in Facebook's competitors learning about Facebook's research to reduce the number of chargebacks, in particular portions that discuss "the effectiveness of the methods Facebook uses." *Id.* at ¶ 17. As such, the Court finds good cause for sealing the documents, and ORDERS Plaintiffs to file Exhibits L and Q under seal in their entirety.

### 5. Exhibits O, P, and NN

Exhibits O, P, and NN contain information from a marketing survey that assess users' satisfaction with Facebook's return processes, and an internal discussion and analysis of the results. *Id.* at ¶ 16. Disclosure of this information could give Facebook's competitors valuable information regarding return processes. As such, the Court finds good cause for sealing the documents, and ORDERS Plaintiffs to file Exhibits O, P, and NN under seal in their entirety.

### 6. Exhibits U, FF, and KK

Exhibit U is a document that discusses a project to standardize Facebook's refund tools. *Id.* at ¶ 18. Similarly, Exhibit FF is a study conducted by Facebook in order to improve its efficiency in processing refunds. *Id.* at ¶ 20. Exhibit KK is a discussion between employees regarding how the company could improve the mechanics of the system used to receive refund requests. Much like the technical information contained in Exhibit H, information in these documents, if disclosed, could both provide Facebook's competitors with valuable proprietary information and prevent Facebook from effectively enforcing its policies. Finding good cause, the Court ORDERS Plaintiffs to file Exhibits U, FF, and KK under seal in their entirety.

### 7. Exhibits DD, GG, JJ, LL, MM, OO, and PP

Exhibits DD and GG include documents regarding Facebook's policies for granting refunds in "certain specified circumstances." Richardson Decl. at ¶ 19. Facebook argues that disclosure of this information could "invit[e] abuse by users with fraudulent intent who wish to exploit Facebook's system by receiving undeserved refunds." *Id.* Exhibits JJ, LL, MM, OO, and PP include specific communications between Facebook employees that discuss particular refunds

1 requested by users. *Id.* at ¶ 21.

2     Plaintiffs make two arguments that bear on sealing Facebook policies related to refunds.
3 First, Plaintiffs argue that Facebook should not be able to seal historical policies that are no longer
4 in effect. *See* Pls.' Opp. at 9-10. Second, Plaintiffs argue that Facebook should not be able to seal
5 policies that were discussed, but never implemented. *See id.* at 12-13. Neither of these arguments
6 is persuasive. First, Defendant has articulated ways in which access to prior policies could
7 competitively disadvantage it in the marketplace or with dishonest users. *See, e.g.*, Reply, ECF
8 101 at 4 ("Public disclosure of Facebook's past refund policies, and how these policies have
9 changed over time, would allow users to predict the types of factors Facebook currently considers
10 in determining whether to grant refunds."). Second, Plaintiff persuasively argues that internal
11 deliberations about policy implementation, including both policies that were implemented as well
12 as those that were not, could, if disclosed, provide its competitors with "insight into Facebook's
13 strategy *and access to the results of testing that Facebook has devoted considerable time and*
14 *resources to determine*." Richardson Decl. ¶ 13 (emphasis added).

15     The Court agrees with Facebook that disclosure of the information contained in these
16 seven exhibits could cause Facebook economic harm, by both permitting users to learn how
17 refunds are granted in certain circumstances, *see id.*, and also informing Facebook's competitors
18 what circumstances have merited and currently merit refunds,. As such, the Court ORDERS
19 Exhibits DD, GG, JJ, LL, MM, OO, and PP filed under seal in their entirety.

20     **B.**    **Exhibits and Portions of Plaintiffs' Memorandum Defendant asks the Court to**
21         **Partially Redact**

22     Facebook also asks the Court to seal portions of five documents, outlined in a chart on
23 pages 10 through 14 of the Richardson Declaration. *See* ECF 88 at 10-14.

24     The Richardson Declaration provides ample reasons why these documents should be
25 redacted in part. The declaration gives specific rationales for each type of redaction, which
26 includes passages that describe Facebook's refund policies, business strategies, data analysis
27 programs, transaction costs, and also includes discussions related to Exhibits that the Court orders
28 redacted above, such as Exhibits G and H. *See id.* The Court has reviewed the redactions in

question, and is satisfied that Defendant seeks to seal only as much information as necessary to protect its confidential and proprietary information, consistent with Civil Local Rule 79-5(d)(1)(C).

**IV. ORDER**

IT IS HEREBY ORDERED THAT:

1. Defendant's request to file under seal in their entirety the 24 exhibits to the Parker Declaration is GRANTED.

2. Defendant's request to partially redact portions of Exhibits D, E, F, and V is GRANTED.

3. Defendant's request to partially redact portions of the Plaintiff's Memorandum of Points and Authorities in Support of its Motion for Class Certification is GRANTED.

**IT IS SO ORDERED.**

Dated: November 3, 2014

_____
BETH LABSON FREEMAN
United States District Judge