UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLYNNIS BOHANNON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>FACEBOOK, INC.,<br><br>　　　　　Defendant. | Case No.  12-cv-01894-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL**<br><br>[ECF 97] |

Before the Court is Defendant's administrative motion to file under seal certain documents. Pursuant to Civil Local Rule 79-5, Defendant seeks to file under seal portions of the following documents: (1) its Opposition to Plaintiffs' Motion for Class Certification; (2) the Declaration of Bill Richardson in support of the Opposition; (3) the expert report of Ethan Cohen-Cole; and (4) the expert report of Adrian Crook. *See* Mot. to Seal, ECF 97 at 2. Defendant provides the Court a declaration, the Richardson Declaration, in support of the requested sealing.

Additionally, pursuant to the requirements of the Protective Order entered in this case, *see* ECF 67, Defendant asks the Court to seal: (1) portions of its Opposition to Plaintiffs' Motion that reference information Plaintiffs have designated as confidential; (2) portions of the Declaration of Whitty Somvichian in support of its Opposition; and (3) the entirety of Exhibits D and E to the Somvichian Declaration. Defendant asks that these documents be sealed "pending a showing by Plaintiffs that they are properly sealed from the public record." *Id.* Plaintiffs have not filed a declaration in support of this sealing, as required by Civil Local Rule 79-5(e)(1). ("Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable.").

The Richardson Declaration provided by Defendant offers good cause to seal portions of the four documents it requests sealed. However, because Plaintiffs have not filed with the Court a declaration in support of the documents Defendant has asked to seal pursuant to the protective order, the Court GRANTS IN PART AND DENIES IN PART Defendant's Motion.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In general, a party "seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). This Circuit has "carved out an exception to the presumption of access" to judicial records "filed under seal when attached to a non-dispositive motion." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1129 (9th Cir. 2003). When a party seeks to file documents under seal in relation to a non-dispositive motion must show only "good cause" for the sealing request. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

"[T]he vast majority of courts within this circuit treat motions for class certification as non-dispositive motions to which the 'good cause' standard applies." *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) (*citing In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *2 n.1 (compiling cases)).

In this case, the Richardson Declaration, filed concurrently with Defendant's Motion, meets the good cause standard. Defendant cites facts to the Court regarding the reasons why disclosure of the information contained in the four documents it seeks to have sealed could competitively disadvantage it in the future, as the documents describe "mechanisms, procedures, algorithms, and criteria that Facebook uses to process payments and refunds," Richardson Decl., ECF 97-1 at ¶ 3, and could cause financial harm both to Facebook and developers who rely on payments through Facebook's system. *Id.* Further, Defendant includes a chart outlining specific reasons for the particular redactions it seeks, *see id.* at ¶ 4, and identifies unique harms that could result from the disclosure of the information in each of the redacted documents. *Id.* Defendant has

United States District Court
Northern District of California

2

filed with the Court redacted versions of each document it seeks to seal, consistent with Civil Local Rule 79-5(d)(1)(C), and seeks only to seal limited portions of the documents related to the confidential and proprietary information in question. As such, Defendant's request, as to the four documents it personally asks the Court to seal, is appropriately narrowly tailored.

The Court therefore GRANTS IN PART Defendant's Motion to Seal, and permits Defendant to file under seal the portions of the four documents it has identified in the Richardson Declaration: (1) its Opposition to Plaintiffs' Motion for Class Certification; (2) the Declaration of Bill Richardson in support of the Opposition; (3) the expert report of Ethan Cohen-Cole; and (4) the expert report of Adrian Crook.

However, as Plaintiffs have not complied with Civil Local Rule 79-5(e), requiring them to submit within 4 days a declaration outlining the reasons why the materials it has designated confidential should be sealed, the Court DENIES IN PART Defendant's Motion with regard to the three documents it asks the Court to seal in conformance with the parties' protective order – documents Plaintiffs had identified as confidential or highly confidential. This denial is without prejudice, and in compliance with Civil Local Rule 79-5(e)(2), Facebook shall file the document "in the public record no earlier than 4 days and no later than 10 days" from the date of this Order to permit Plaintiffs to show good cause as to why the documents should be sealed.

**IT IS SO ORDERED.**

Dated:  November 3, 2014

BETH LABSON FREEMAN
United States District Judge