C. Brooks Cutter, SBN 121407
John R. Parker, Jr., SBN 257761
KERSHAW, CUTTER & RATINOFF, LLP
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 448-9800
Facsimile: (916) 669-4499
Emails: bcutter@kcrlegal.com / jparker@kcrlegal.com

Daniel B. Edelman
Katz, Marshall & Banks LLP
1718 Connecticut Avenue NW, Suite 600
Washington, DC 20009
Telephone: (202) 299-1140
Email: Edelman@kmblegal.com

Benjamin Edelman
169 Walnut Street
Brookline, MA 02445
Telephone: (617) 359-3360
Email: ben@benedelman.org)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| I.B., by and through his Guardian ad Litem GLYNNIS BOHANNON; GLYNNIS BOHANNON;  J.W., by and through his Guardian ad Litem STEVEN WRIGHT; JULIE WRIGHT, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>FACEBOOK, INC.,<br><br>     Defendant. | Case No.  CV 12-01894 BLF<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

Plaintiffs have asked the Court to certify under Rule 23(b)(2)[1] their declaratory judgment claim for disaffirmance under California Family Code Sections 6701 and 6710.[2] Per the Court's instruction at the hearing on Plaintiffs' motion, Plaintiffs here address both (1) whether the class' claims may be governed by laws of the various states where class members reside rather than the law of California, under *Mazza v. American Honda*, 666 F.3d 581 (9th Cir. 2012); and (2) whether despite the parties' choice of California law, the California laws on which Plaintiffs rely may not apply extraterritorially, per *O'Connor v. Uber Technologies, Inc.*, 2014 WL 4832880 (N.D. Cal. September 4, 2014).

## I. FACEBOOK'S CHOICE OF LAW CLAUSE REQUIRES THE APPLICATION OF CALIFORNIA LAW.

Facebook's Statement of Rights and Responsibilities (SRR) specifies that "[t]he laws of the State of California will govern this Statement, as well as any claim that might arise between you and us, without regard to conflict of law provisions."  Docket 55-A at 6.  While a choice of clause will not predominate over California's policy against the extraterritorial application of its laws, California otherwise strongly favors enforcement of such clauses.[3] *Nedlloyd Lines B.V. v. Superior Court* 3 Cal.4th 459, 464–465, 11 Cal.Rptr.2d 330, 834 P.2d 1148 (1992) ("California courts shall apply the principles set forth in Restatement section 187, which reflects a *strong policy favoring enforcement of such provisions*"); *ABF Capital Corp. v. Berglass*, 130 Cal. App. 4th 825, 834, 30 Cal Rptr. 3d 588 (2005).  (Emphasis added.)  *Nedlloyd* explains:

> the proper approach . . . is for the court first to determine either: (1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law. If

---

[1] As in *Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 541 (N.D. Cal. 2012), this case "exemplifies" claims for declaratory and injunctive relief appropriate for certification under Rule 23(b)(2).

[2] In denying Facebook's Motion to Dismiss the Third Amended Complaint, the Court notably determined that Plaintiffs had stated valid claims under the Declaratory Judgment Act with respect to California Family Code Sections 6701 and 6710.  Docket 58, 11:8-9.  Plaintiffs seek a declaratory judgment under both sections of the California Family Code.

[3] While Plaintiffs might object that the clause is not "arms' length", Facebook is surely in no position to do so.  Facebook itself successfully urged this Court's enforcement of an analogous clause, specifying the application of Delaware law, in its terms and conditions for developers. *Facebook, Inc. v. Profile Technology, Ltd.,* 2014 WL 492369 at *2 (N.D. Cal. 2014).   Facebook has insisted on enforcement of the choice of law provision in its SRR for users.  *C.M.D. v. Facebook, Inc.*, 2014 WL 1266291 at *2 (N.D. Cal. 2014).

> neither of these tests is met, that is the end of the inquiry, and the court need not enforce the parties' choice of law. If, however, either test is met, the court must next determine whether the chosen state's law is contrary to a fundamental policy of California. *If there is no such conflict, the court shall enforce the parties' choice of law*.

3 Cal 4th at 466. (Emphasis added.) (Footnotes omitted.)

California has the requisite relationship with Facebook and the transactions at issue, given the location of Facebook's business here and the origination of the contracts at issue in this state. The last part of the test is obviously not reached where California itself is the "chosen state." *Samica Enterprises, LLC v. Mail Boxes,* 637 F.Supp.2d 712, 728 (C.D. Cal. 2008) ("California is the chosen state whose laws shall govern, and no conflict exists.") Inclusion of the choice of law clause in the SRR serves Facebook's and Plaintiffs' interests in "certainty" and "predictability," which lies at the core of the rationale of the policy favoring enforcement. Rest. 2d Confs. of Laws §187, com. e.

*Mazza* —where there was no choice of law clause—vacated certification of a nationwide class for false advertising claims under California's consumer protection laws based on default choice of law rules that apply *absent* the parties' own choice of law. *See, e.g.* Restatement (Second), Conflicts of Laws §186 ("Issues in contract are determined by the law chosen by the parties in accordance with the rule of § 187 and *otherwise by the law selected in accordance with the rule of § 188*.") (Emphasis added.)[4] Unlike *Mazza*, California's default choice of law rules are inapplicable here, given the specification that California law will govern without regard to conflict of laws.

In *O'Connor*, Judge Chen denied nationwide certification of a suit claiming violations of California's Labor Code and Unfair Competition Law which he found apply exclusively to work performed in California and accordingly could not apply extraterritorially to work performed by class members elsewhere notwithstanding the parties' choice of California law. Judge Chen

---

[4] The Ninth Circuit concluded that the defendant satisfied its three-part burden of showing that: (1) the consumer protection laws of other states differ materially from those of California; (2) "true conflict" exists as between California's laws and those of other states; and (3) the interests of other states in application of their own laws outweighed California's interest in the application of California law to the subject claims. 666 F.3d at 590-94.

noted California's policy against extraterritorial application of its laws as reflected by *Sullivan v. Oracle Corp.*. 2014 WL 4382880 at *11 (citing 51 Cal. 45h 1191, 127 Cal. Rptr. 3d 185, 254 P.3d 237 (2011). Because neither the Labor Code nor UCL could be applied to work performed outside California, the claims of class members working elsewhere would necessarily be governed exclusively by the laws of the respective states where work was performed.

Judge Chen soon distinguished *O'Connor* in *Ehret v. Uber Technologies, Inc.*, 2014 WL 4640171 (N.D. Cal. September 17, 2014), a nationwide claim of false advertising on behalf of Uber customers under California's Consumer Law Remedies Act (CLRA), the UCL and breach of contract. Notwithstanding the presumption against extraterritorial application and his holding in *O'Connor*, Judge Chen observed that the "critical question" was whether application of the UCL and CLRA in the circumstances alleged in *Ehret* "*actually entails an extraterritorial application . . . .*" *Id.* at *4. (Emphasis added.)  He pointed out that "multiple courts", including the California Supreme Court in *Sullivan*, *supra*, had "permitted the application of California law" to claims "based on alleged misrepresentations that were disseminated from California." *Id., citing Sullivan,* 51 Cal. 4th at 1208, n. 10. He cited decisions of several federal district courts allowing nationwide claims where the challenged conduct assertedly occurred in California. *See*, *e.g.*, *In re iPhone 4s Consumer Litigation*, 2013 WL 3829653 at *4 (N.D. Cal. 2013). Judge Chen concluded that the allegations in *Ehret* allowed him to "plausibly infer that Uber's alleged . . . misrepresentations emanated from California." *Id.* at *5.

Nationwide certification here would likewise not entail extraterritorial application of California law, because the unlawful acts claimed here similarly emanated from California.[5] Absent the barrier of extraterritoriality, California law strongly favors enforcement of the parties' choice of California law. Facebook disseminates offers of Facebook credits from California. Its terms and conditions emanate from California and its headquarters is located here.[6] Moreover,

---

[5] *See* TAC ¶¶ 52-55, Docket 50 at 14.

[6] Absent the choice of law clause, the respective interests of California and class members' respective states of residence would be balanced under the choice of law rules of Rest. Confs. of Law, §188 (Law Governing in Absence of Effective Choice by the Parties):

> (1)   The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, *has the*

Facebook has to date notably not argued that application of California voidness and voidability laws would be an extraterritorial application nor otherwise contended that its choice of law clause should not be enforced.

## II. NATIONWIDE CERTIFICATION IS APPROPRIATE UNDER CALIFORNIA CHOICE OF LAW RULES.

Facebook has not urged that California choice-of-law principles dictate that the laws of other states should govern those of the Plaintiffs' proposed nationwide class.  It has not attempted, in opposing class certification, to carry its burden under *Mazza* and California law to show that other states' laws govern how Facebook handles transactions with minors. Regardless, nationwide certification is appropriate under California's choice of law rules.

First, State law is homogenous with respect to the voidability of the contracts of minors. Restatement (Second) of Contracts, ¶14, states:  "Unless a statute provides otherwise, a natural person has the capacity to incur *only voidable contractual duties* until the beginning of the day before the person's eighteenth birthday." (Emphasis added.)[7]  With respect to the voidability of contracts of minors, the Restatement squarely confirms the Court's observation during argument: "I wouldn't expect that there's a state in the country that has laws significantly different [with

> *most significant relationship to the transaction and the parties under the principles stated in § 6.*(2) In the *absence of an effective choice of law* by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:(a) *the place of contracting,(b) the place of negotiation of the contract,(c) the place of performance,(d) the location of the subject matter of the contract, and(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.*  These contacts are to be evaluated according to their relative importance with respect to the particular issue.(3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189- 199 and 203.

(Emphasis added.)  See *Nedlloyd Lines B.V., supra* 3 Cal. 4th at  465; *ABF Capital Corp. v. Berglass, supra*, 130 Cal. App. 4th at 834 (applying the rule of Rest. §188).  The reality that default choice of law rules would balance California's interests against those of other states forecloses the possible suggestion that application of California law here would be extraterritorial.

[7]As reflected by the table in the reporter's note, all states treat contracts entered before attaining the age of majority as subject to disaffirmance.  All but four states treat the age of majority as 18. Three states (Alabama, Nebraska and Wyoming) treat the age of majority as 19; one (Mississippi) adheres to 21 as the age of majority.

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR CLASS CERTIFICATION
4

respect to voidability of the contracts of minors]." Tr. 23:8-10. *See also* 5 Williston on Contracts § 9:5 (4th Ed.) (contracts with minors generally voidable). Because of the homogeneity of state laws regarding voidability, Facebook could not hope to carry its burden of demonstrating material differences in state laws.

Laws of other states may differ to some extent from California law regarding whether, and the conditions under which, the contracts of minors are void as under California Family Code § 6710 as opposed to voidable under § 6701. Whether Facebook could at this late date carry its burden of showing differences so severe as to preclude nationwide certification of the voidness claim is doubtful at best. If Facebook carries its burden of showing differences so severe as to preclude nationwide certification of the voidness claim, the Court could certify a narrower class such as one limited to California for purposes of that claim. *See Mazza*, 666 F.3d at 594; *Allen v. Hyland, Inc.*, 2012 WL 1656750 at *2 (C.D. Cal. 2012) (*Mazza* explicitly left open the possibility that a court could certify subclasses grouped around "materially different bodies of state law.")

Notably, courts have specifically upheld enforcement of choice of law clauses applying the designated state's disaffirmance law to contracts with minors residing outside that state. In *Milicic v. Basketball Mktg. Co.*, 2004 Pa. Super. Ct. 333, 857 A.2d 689 (2004), a child living in a foreign country signed a contract drafted by the defendant company specifying that Pennsylvania law would govern. The court stated that inclusion of the choice of law provision by the defendant "ensured both parties would be protected under the applicable Pennsylvania laws" and that, by signing the agreement, the minor "came under the protection of 23 Pa.C.S. § 5101 which provides that only individuals 18 years of age and older shall have the right to enter into contracts." Id. at 695. Similarly, a federal court in New York recognized a minor's right of disaffirmance under California law *based on a choice of law provision specifying that California law would govern.* *NYC Mgmt. Grp., Inc. v. Brown-Miller*, No. 03 CIV. 2617 (RJH), 2004 WL 1087784, at *4, n. 2 (S.D.N.Y. 2004).

Dated: January 9, 2015					Respectfully submitted,

							KERSHAW, CUTTER & RATINOFF, LLP


							By:   /s/ John R. Parker, Jr.
								John R. Parker, Jr.


								Daniel B. Edelman
								Katz, Marshall & Banks LLP
								1718 Connecticut Avenue NW, Suite 600
								Washington, DC 20009
								Telephone: (202) 299-1140
								Email: Edelman@kmblegal.com

								Benjamin Edelman
								169 Walnut Street
								Brookline, MA 02445
								Telephone: (617) 359-3360
								Email: ben@benedelman.org

								*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2015, I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

By: /s/John R. Parker, Jr.
John R. Parker, Jr.