COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
WHITTY SOMVICHIAN (194463)
(wsomvichian@cooley.com)
BENJAMIN H. KLEINE (257225)
(bkleine@cooley.com)
AARTI G. REDDY (274889)
(areddy@cooley.com)
KRISTINE FORDERER (278745)
(kforderer@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:      (415) 693-2000
Facsimile:      (415) 693-2222

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| I.B., by and through his Guardian ad Litem GLYNNIS BOHANNON and J.W., by and through his Guardian ad Litem STEVEN WRIGHT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>FACEBOOK, INC.,<br><br>    Defendant. | Case No.  12-CV-01894 BLF<br><br>**FACEBOOK'S SUPPLEMENTAL BRIEF RE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

## I.   INTRODUCTION

Facebook provides this supplemental brief in response to the Court's request for clarification on whether a nationwide class can be certified that would allow teenagers both inside and outside California to seek declaratory relief against Facebook based on sections 6701 and 6710 of the California Family Code.  Facebook believes Plaintiffs' motion for class certification should be denied *in its entirety* for all the reasons set forth in its prior briefing and argument, regardless of the applicable choice of law.  Thus, the Court need not reach the question presented. Even if the defects in Plaintiffs' motion could be ignored, a nationwide class still could not be certified here under the California Family Code.  Plaintiffs are estopped from relying the choice of law clause in the Statement of Rights and Responsibilities ("SRR") given their prior arguments in this case and also because of the specific nature of their claims, which seek to disaffirm and void the very provision on which they rely to support a nationwide class.  Accordingly, the Court need not address the *Gravquick* and *Uber* decisions raised at the class certification hearing because those cases did not involve the unique circumstances here that preclude Plaintiffs from relying on the SRR's choice of law clause to support certification of a nationwide class. Plaintiffs' inability to invoke the choice of law clause brings this case squarely within the holding of *Mazza v. American Honda Motor Co.,* 666 F.3d 581 (9th Cir. 2012), which provides an independent ground for denying Plaintiffs' motion for class certification.

## II.   ARGUMENT

### A.   Plaintiffs Cannot Rely on Facebook's Choice of Law Clause to Certify a Nationwide Class, Given the Specific Circumstances Of This Case.

Plaintiffs rely exclusively on the choice of law clause in the SRR between Facebook and its users to invoke the California Family Code.  (Dkt. 50 at ¶ 51.)[1]  Plaintiffs cannot invoke the clause in this manner, however, given the particular circumstances of this case.

First, under basic principles of judicial estoppel, a party cannot rely on one position to gain an advantage in litigation and later assert a contrary position on the same issue.  *See Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012) (judicial

---

[1] Plaintiffs did not address this issue in their Motion for Class Certification.

estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase") (citation omitted).  At the motion to dismiss phase, Plaintiffs persuaded Judge Wilken that they should be allowed to pursue their individual claims despite their ongoing use of Facebook, because their purchases on Facebook "constitute separate agreements, distinct from the agreement to abide by the terms of the SRR."  (Dkt. 58 at 11.)[2]  By contrast, Plaintiffs now contend that the choice of law provision *in the SRR* supports certification of a nationwide class of teenagers who seek to void or disaffirm their purchases on Facebook.  Plaintiffs cannot have it both ways.  If Plaintiffs are now acknowledging that the SRR is not "distinct" from, and instead governs, each of the purchases they seek to void or disaffirm, Facebook should be entitled to revisit its motion to dismiss.

Moreover, Plaintiffs' reliance on the choice of law clause in the SRR is undermined by their own theories of liability.  Under Section 6710, "[d]isaffirmation by a minor rescinds the entire contract, rendering it a nullity."  *Deck v. Spartz, Inc.*, No. 2:11-CV-01123-JAM, 2011 WL 7775067, at *6 (E.D. Cal. Sept. 27, 2011).  Accordingly, a minor cannot seek to disaffirm a transaction and simultaneously rely on a choice of law clause that governs the transaction in order to gain a strategic advantage in litigation.  *See Paster v. Putney Student Travel, Inc.*, No. CV 99-2062 RSWL, 1999 WL 1074120, at *2 (C.D. Cal. June 9, 1999) (a plaintiff cannot disaffirm a forum selection clause in a contract to select a different forum, without disaffirming the entire contract).  Further, Plaintiffs contend that minors' purchases on Facebook are void as a matter of law.  But that theory would also void the choice of law clause that governs those purchases, because Section 6701(c) applies to "a contract" *in its entirety* and does not allow minors to selectively void isolated terms.  *See* Cal. Fam. Code § 6701(c) ("A minor cannot . . . [m]ake *a contract* relating to any personal property not in the immediate possession or control of the minor") (emphasis added).  Plaintiffs cannot seek to certify a nationwide class and at the same

---

[2] In making this ruling at the pleading stage, Judge Wilken did not purport to address the separate issue of whether Plaintiffs can selectively invoke the choice of law clause to certify a nationwide class. (Dkt. 58 at 11.)  Moreover, the Court emphasized that it did not have an evidentiary record on the relationship of the disputed transactions and the SRR. (*Id.*)

Cooley LLP
Attorneys At Law
San Francisco

time pursue a claim that would invalidate the sole basis for non-residents to invoke California law in the first instance.

> **B.      The Court Need Not Address The Issues Posed in *Gravquick* and *Uber*.**

Because Plaintiffs cannot rely on the choice of law clause in the SRR, the Court need not resolve whether the provision can otherwise support a nationwide class under different circumstances.  As the Court noted at the class certification hearing, courts have reached different results on the issue of whether a California choice of law clause permits non-California residents to pursue a California statutory claim.  Under *Gravquick A/S v. Trimble Navigation International Ltd.*, 323 F.3d 1219 (9th Cir. 2003), the Ninth Circuit held that a California choice of law clause permits a non-resident to pursue a statutory claim under California law where the statute does not expressly limit the claim to California residents.  *Gravquick A/S*, 323 F.3d at 1223 (because "the CEDA [California Equipment Dealers Act] includes no express requirement limiting its protection to dealers located in California," the statute "can be applied to an out of state dealer through a choice of law provision in a contract.").[3]  *See also Taylor v. Eastern Connection Operating, Inc.*, 988 N.E.2d 408, 414 (Mass. 2013) (citing *Gravquick* and holding that a choice of law clause allows out-of-state residents to pursue a claim under Massachusetts law, where "there is no express limitation on the territorial reach" of the statute and "no apparent reason to disregard the parties' choice of law."); *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355 (4th Cir. 1989) (enforcing New York choice of law clause in claim involving non-residents of New York).  One subsequent district court decision has interpreted *Gravquick* to reach a different result, holding that out-of-state residents could not bring a claim under a California statute that did not expressly limit its geographical scope, even though the parties contractually agreed that California law should govern their relationship.  *See O'Connor v. Uber Technologies, Inc.*, No. C-13-3826 EMC, 2014 WL 4382880, at *16 (N.D. Cal. Sept. 4, 2014).

---

[3] In *Cotter v. Lyft*, No. 13-cv-04065-VC, 2014 WL 3884416 (N.D. Cal., August 7, 2014), the court held that, even if the choice of law clause covered the parties' dispute, the non-California plaintiffs could not invoke rights under the specific California Labor Code provisions at issue because those provisions were expressly limited to California residents.

Cooley LLP
Attorneys At Law
San Francisco

3.

Facebook's Supp. Brief
Case No. 12-CV-01894 BLF

The Court need not resolve this apparent conflict given the particular circumstances of this case, which preclude Plaintiffs from relying on the choice of law clause.

### C.  Absent A Valid Choice of Law Clause, Non-California Minors Cannot Rely On The California Family Code.

Because Plaintiffs cannot rely on the choice of law clause, this case falls squarely within the holding of *Mazza*.  Even if Sections 6701 and 6710 were potentially applicable beyond California's borders, California law cannot be applied (in the absence of a valid choice of law provision) to a nationwide class where doing so would impermissibly conflict with other states' laws.  *See Mazza*, 666 F.3d at 590 (reversing certification of nationwide class because it imposed California law on class members residing in states with "materially different consumer protection laws").  Here, other states' laws allow minors to avoid their contracts in significantly different— and more limited—circumstances as compared to the California Family Code.

For instance, in many states, a minor can disaffirm a contract *only* upon making full or partial restitution to the other contracting party.  *See, e.g. Valencia v. White*, 134 Ariz. 139, 142-43 (1982) (adopting a rule under Arizona law "which requires a minor to account for the benefit he has received" in order to disaffirm even if "the benefits cannot be returned in kind" and reasoning that the rule which requires a minor to account for the benefit he has received is much the better rule."); *Kelly v. Furlong*, 194 Minn. 465, 466 (1935) (explaining that Minnesota law "has evidenced a tendency to deal rather strictly with infants.  In cases where no fraud is present an infant must restore what he has received under the contract to the extent of the benefits actually derived by him in order to disaffirm it after reaching majority.").  *See also* 5 Williston on Contracts § 9:13 (4th ed.) (describing differing state policies as to various aspects of minors' capacity to contract).

These direct conflicts preclude Plaintiffs from imposing California law on a nationwide class under *Mazza*.

### III.  CONCLUSION

Plaintiffs' Motion for Class Certification should be denied in its entirety for all the reasons set forth in Facebook's prior briefing and argument.  Even if the Court were to consider granting

Plaintiffs' Motion in part, a nationwide class cannot be certified here, for all the reasons above.

Dated: January 9, 2015                      COOLEY LLP


                                            /s/ *Whitty Somvichian*
                                            Whitty Somvichian (194463)
                                            Attorneys for Defendant FACEBOOK, INC.