1
2
3                         UNITED STATES DISTRICT COURT
4                        NORTHERN DISTRICT OF CALIFORNIA
5                                SAN JOSE DIVISION
6

| I.B., by and through his Guardian ad Litem GLYNNIS BOHANNON and J.W., by and through his Guardian ad Litem STEVEN WRIGHT, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>      v.<br><br>FACEBOOK, INC.,<br>                         Defendant. | Case No. 12-CV-01894 BLF<br><br>**[PROPOSED] ORDER GRANTING APPROVAL OF CLASS ACTION SETTLEMENT AND ENTERING DISMISSAL WITH PREJUDICE**<br><br>Judge:       Hon. Beth Labson Freeman<br>Courtroom:   3 |
|---|---|

Plaintiffs' Motion for Approval of Class Action Settlement (the "Motion") in the above-entitled action (the "Action") came on for hearing on March 17, 2016.  The Court has reviewed and considered the Motion, including all supporting exhibits, and the Class Action Settlement Agreement ("Settlement Agreement") attached to the Motion and exhibits thereto, and the Court has considered the arguments and authorities presented by the Parties and their counsel and the record in the Action, and good cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.	This Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all members of the class it certified pursuant to Federal Rule of Civil Procedure 23(b)(2) consisting of: "All Facebook users who are or were minor children according to Facebook's own records for the four years preceding the date on which the original complaint was filed through the date on which a class is certified ('the Minor Class'); Within the Minor Class is a subclass of Minors from whose Facebook accounts Facebook Credits were purchased. ('the Minor Purchasing Subclass')" (the "Class").

2.	The Court has conducted an evaluation of the fairness, reasonableness, and adequacy of the proposed settlement set forth in the Settlement Agreement (the "Settlement"). The Court finds that the Settlement appears to be the product of serious and informed arm's length negotiations; has no obvious deficiencies; does not improperly grant preferential treatment to the class representatives or any members of the Class; and is fair, reasonable, adequate, and in the best interests of the Class.  The Court finds that the consideration to be given by Facebook is reasonable and in the best interests of Plaintiffs and the Class, considering the disputed issues, circumstances, and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of pursuing litigation on the merits.  The complex legal and factual posture of this case and the fact that the Settlement Agreement is the result of arm's length negotiations between the Parties, including negotiations presided over by Edward A. Infante of JAMS, support this finding.  The Court finds that these facts, combined with the lack of other indicators of collusion and the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.  *See In re*

*Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).  This finding is also supported by, among other things, the fact that the Settlement Agreement does not provide for a release of Class members' claims.

3. The Court has specifically considered the factors relevant to class settlement approval (*see*, *e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004))— including, *inter alia*, the strength of the Plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of not maintaining class action status through trial; the relief provided for in the Settlement Agreement; the extent of discovery completed and stage of the proceedings; the experience and views of counsel; the (non-)presence of a governmental participant; and the reaction of members of the Class to the proposed settlement — and upon consideration of such factors finds that the Settlement is fair, reasonable, and adequate to all concerned.

4. The Court previously evaluated adequacy at the certification stage and found Class Representatives and Class Counsel adequate in the Court's order on Plaintiff's motion for class certification.  *See* Dkt. 131 at 18-20.  The Court now finds that the Class Representatives and Class Counsel will adequately represent the Class for the purposes of entering into and implementing the Settlement Agreement.

5. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions.  The Settlement Agreement is hereby incorporated into this Order in full and shall have the full force of an Order of this Court.  Except where otherwise defined herein, all capitalized terms contained herein shall have the meanings assigned to them in the Settlement Agreement.

6. Pursuant to Federal Rule of Civil Procedure 23, direct notice of the Settlement to members of the Class is not required because the Class is certified under Rule 23(b)(2), members of the Class are not releasing any claims, and the Class Representatives can adequately represent absent members without notice.

7. The Court hereby dismisses the Action on the merits and with prejudice.  No fees

or costs are awarded, except as expressly provided in the Court's order on Plaintiffs' motion for fees, or by other order of the Court.

8. Upon the Final Settlement Date, Plaintiffs I.B., by and through his Guardian ad Litem Glynnis Bohannon, and J.W., by and through his Guardian ad Litem Steven Wright shall be deemed to fully, finally and forever release, relinquish, and discharge Defendant Facebook and any and all of its past or present predecessors, successors, assigns, parents, subsidiaries, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, insurers, underwriters, shareholders, lenders, auditors, investment advisors, and any and all present and former companies, firms, trusts, corporations, officers, directors, other individuals or entities in which Facebook has a controlling interest or which is affiliated with any of them, or any other representatives of any of these Persons and entities (the "Released Parties") from any and all actual, potential, filed, known or unknown (specifically including "Unknown Claims" as defined below), fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, damages (including but not limited to punitive, exemplary or multiple damages), charges, penalties, losses, rights, actions, causes of action, contracts or agreements, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, and whether brought directly by Plaintiffs or in a derivative or representative capacity by Plaintiffs' parents, guardians, present, former, and future heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors-in-interest, successors, assigns, or legatees (the "Plaintiffs' Released Claims"). "Unknown Claims" means claims that could have been raised in the Action and that Plaintiffs I.B., J.W., and/or the Class Members do not know or suspect to exist, which, if known by either Plaintiff or the Class might affect any Plaintiff or any Class Member's agreement to release the Released Parties of the claims or might affect his, her or its decision to agree, object, or not object to the settlement.

9. Upon the Final Settlement Date, the above releases of claims and the Settlement Agreement will be binding on, and will have *res judicata* and preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs.

10. The Court finds that Facebook properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Facebook's notice (ECF No. __), and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the date of this order.

11. Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing jurisdiction over the implementation, administration, and enforcement of this Final Judgment, the Settlement Agreement, and all matters ancillary thereto.

12. The Settlement Agreement's provisions, and all related drafts, communications and discussions, shall not be construed as or deemed to be evidence of an admission or concession by Facebook of any wrongdoing, by any Person or entity, and cannot be offered or received into evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission, concession, or presumption regarding such matters. However, the Settlement Agreement may be introduced as evidence of the parties' respective obligations under the Court's continuing jurisdiction over the injunctive relief set forth in the Settlement Agreement.

13. The Parties, without further approval from the Court, are hereby permitted to agree to and to adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Order and do not limit the rights of Class members.

14. The Court hereby directs entry of this judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement

1  or appeal of this judgment notwithstanding the Court's retention of jurisdiction to oversee

2  implementation and enforcement of the Settlement Agreement.

3  **IT IS SO ORDERED.**

4  Dated this _____ day of _____, 2016

7  _____
HONORABLE BETH LABSON FREEMAN
UNITED STATES DISTRICT COURT

8  121852835

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2016, I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

By: /s/John R. Parker, Jr.
John R. Parker, Jr.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.