C. Brooks Cutter, SBN 121407
John R. Parker, Jr., SBN 257761
CUTTER LAW, P.C.
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 290-9400
Facsimile: (916) 558-9330
Emails: bcutter@cutterlaw.com / jparker@cutterlaw.com

Daniel B. Edelman, *pro hac vice*
Katz, Marshall & Banks LLP
1718 Connecticut Avenue NW, Suite 600
Washington, DC 20009
Telephone: (202) 299-1140
Email: edelman@kmblegal.com

Benjamin Edelman, *pro hac vice*
169 Walnut Street
Brookline, MA 02445
Telephone: (617) 359-3360
Email: ben@benedelman.org

*Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| I.B., by and through his Guardian ad Litem GLYNNIS BOHANNON; J.W., by and through his Guardian ad Litem STEVEN WRIGHT, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>  FACEBOOK, INC.,<br><br>                    Defendant. | Case No. CV 12-01894 BLF<br><br>**DECLARATION OF DANIEL B. EDELMAN, IN SUPPORT OF THE MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, AND INCENTIVE AWARDS FOR THE REPRESENTATIVE PLAINTIFFS**<br><br>Date:   March 17, 2016<br>Time:  9:00 AM<br>Court Room 3, 5th Floor<br><br>Hon.: Beth Labson Freeman, United States District Court Judge for the Northern District of California |

Daniel B. Edelman deposes and states:

1.       I have since August 1, 2006 been of counsel to the firm of Katz, Marshall & Banks, LLP ("KMB") in Washington, D.C which specializes in employment litigation on behalf of individuals and classes of plaintiff employees.  From January 1975 through August 1, 2006, I was a partner in the Washington, D.C. law firm of Yablonski Both & Edelman which specialized in labor and employment litigation.  I have been engaged in individual and class litigation on behalf of employees at all levels of the federal courts.  I received my B.A. from Harvard College *magna cum laude* in 1966 and a J.D. from Harvard Law School, *cum laude* in 1969.  I clerked for the Honorable Harry A. Blackmun for two years, first on the United States Court of Appeals for the Eighth Circuit, and then at the Supreme Court of the United States.  I was admitted to the Bar in Minnesota in 1969 and admitted to the Bar in the District of Columbia in 1971, where I have practiced since.  My legal experience, including notable case successes, and educational background are described in detail on KMB's website. http://www.kmblegal.com/attorneys-and-staff/daniel-edelman; http://www.kmblegal.com/firm/successful-case-resolutions/daniel-edelman.  (Copies attached as Exhibits A and B).   I have enjoyed the rating AV Preeminent by Martindale-Hubbell continuously since 1983 in the areas of Labor and Employment, Civil Rights and Discrimination with a current numerical rating of 5.0 out of 5.  I have been listed among Best Lawyers in America since 2010 and Washington, D.C. "Super Lawyers" since 2009.  I have been a Fellow of the College of Labor and Employment Lawyers since 2005.

2.       Katz Marshall & Banks has served as co-counsel for litigation of this case with Brooks Cutter and John R. Parker, Jr. of Kershaw, Cutter & Ratinoff, LLP and Benjamin G. Edelman.  Within KMB, I have had the primary responsibility for the case.  David J. Marshall of KMB has devoted a small amount of time to the case, in consultation with me and co-counsel at key stages, as has Matthew LaGarde, a paralegal who also assisted.  KMB makes no claim for compensation for the time of Mr. Marshall or Mr. LaGarde.

3.       As co-counsel, I have borne the lead role in the preparation, including specifically the initial drafting of key briefs, including plaintiffs' briefs in opposition to Facebook's motions to dismiss the Second and Third Amended Class Complaints and in support of plaintiffs' motion for class

certification, including plaintiffs' opening brief, reply brief, and the supplemental brief following the oral argument on class certification. I also prepared the initial draft of plaintiffs' opposition to Facebook's unsuccessful Rule 23(f) petition for review of the class certification order. I advised additionally regarding the formulation of plaintiffs' initial and follow-up written discovery with a view specifically to obtaining documents and information needed to support class certification and engaged in document review with the same objective. I consulted also regarding the preparation of plaintiffs' various pleadings; trial preparation in the event the case were to proceed; and the formulation of plaintiffs' mediation statement and settlement position. Finally I have devoted several hours to plaintiffs' fee request. Throughout the course of the litigation, I have avoided duplication through coordination of efforts with co-counsel including particularly co-counsel from the Kershaw firm.

4.    KMB's standard practice, which I consistently follow and followed in this case, is to maintain time records contemporaneously by regularly entering time devoted to each matter into an electronic, time-keeping system. KMB's time records reflect a total of 320.35 hours devoted to this matter. I have eliminated 20.65 hours including time spent by Mr. Marshall and Mr. LaGarde; time spent preliminarily in 2010 evaluating possible claims; and time devoted to administrative matters relating to the litigation. The balance of 299.7 hours is the time I reasonably devoted to this matter.

5.    <u>Drafting of class papers and Rule 23(f) opposition</u>. The largest portion of my time was devoted to class certification (151.3 hours) including research and drafting of the plaintiffs' opening motion and memorandum (46.3 hours); review of Facebook's opposition and preparation of plaintiffs' reply (65.0); preparation of plaintiffs' supplemental memorandum as requested by the Court in the course of argument on the motion (22.0 hours); and drafting plaintiffs' opposition to Facebook's Rule 23(f) petition (18 hours).

6.    <u>Drafting Oppositions to Motions to Dismiss</u>. Second, I devoted considerable time to preparing, including initial drafting and revisions, of plaintiffs' oppositions to Facebook's successive motions to dismiss (42.35 hours), including the Second Amended Class Complaint (21.4 hours) and the Third Amended Class Complaint ( 20.95 hours).

7.      Discovery.  Additionally I participated in formulation of written discovery (20.6 hours) and review of documents (32.1 hours), both with a view specifically to securing and analyzing information and documents needed to support class certification.

8.      Other.  Finally I reviewed and consulted with co-counsel regarding drafts of pleadings (9.2 hours); consulted regarding case management (0.8 hours); consulted regarding preparation for the class certification hearing (8.5 hours); participated in preparing plaintiffs' mediation statement; preparation for the mediation and development of plaintiffs' settlement position (23.35 hours); consulted regarding trial preparation (3.6 hours); consulted regarding approval of the proposed settlement (3 hours); and worked on the request for attorney's fees (4.9 hours).

9.      Time on dismissed claims.  A small portion of my time related to the pleadings and to the oppositions to Facebook's Motions to Dismiss concerned dismissed claims including primarily the claimed violation of the Electronic Funds Transfers Act.   I spent no other time on the dismissed claims apart from pleadings and oppositions to motions to dismiss.

10.      KMB annually sets market billing rates for each of its attorneys with a view to prevailing market rates in the District of Columbia where the firm is headquartered.  My current market billing rate, and that of other senior counsel in the firm is $800 per hour.  To make legal representation available to clients who lack financial resources to pay fees at market rates, KMB, as did Yablonski, Both & Edelman, routinely undertakes representation at below-market rates and on a contingent basis. In such instances, the Firm makes plain to its clients that prevailing rates for its attorneys and paralegals are higher than the hourly rates charged and that it will seek to recover fees at what it believes to be market rates in the event the client becomes a prevailing party through litigation or settlement.

11.      KMB's market billing rates for its attorneys are in line with rates reflected by a published matrix known as the "Adjusted Laffey Matrix" or "Updated Matrix" which is based on the Legal Services Index ("LSI") of the Nationwide Consumer Price Index ("CPI") http://www.laffeymatrix.com/history.html; http://www.laffeymatrix.com/caselaw.html.  The matrix, which was developed by private counsel in the District of Columbia with input from an economist expert (http://laffeymatrix.com/expert.html), has been accepted by numerous decisions, including notably the Northern District of California, as reasonably reflecting market rates for attorneys in the

DECLARATION OF DANIEL B. EDELMAN, IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF COSTS AND EXPENSES, AND INCENTIVE AWARDS
CASE NO. CV 12-01894 BLF

District of Columbia and moreover as doing so more accurately than a separate matrix, established earlier by the office of the United States Attorney for the District of Columbia which is based on the all-times CPI for the District of Columbia and states somewhat lower rates.  *See, e.g., Salazar v. District of Columbia,* 991 F.Supp.2d 39, 46 (D.D.C. 2014)(preferring use of Updated Laffey Matrix)(" In *Salazar v. District of Columbia*, 123 F.Supp.2d 8 (D.D.C.2000), and in all subsequent fee rulings, the Court ruled that the methodology under which the Laffey rates should be updated is properly measured *by the Legal Services Index ("LSI") of the Nationwide Consumer Price Index ("CPI"), rather than by the All–Items CPI for the Washington, D.C. area*. The Court remains convinced that this methodology is appropriate.")(Emphasis added), *aff'd,* 2015 WL 9258954 at *3 (D.C. Cir. 2015); *Eley v. District of Columbia,*999 F.Supp.2d 137, 153 (D.D.C. 2013)(applying Updated Laffey Matrix based on the national Legal Services Index as more accurate than US Attorney's matrix); *Citizens for Responsibility and Ethics in Washington v. United States Department of Justice*, 80 F.Supp.3d 1, 3-4 (Updated Laffey Matrix more accurate that US Attorney's matrix). *See also Kempf v. Barrett Bus. Servs.,* 2007 U.S. Dist. LEXIS 89447 *(*N.D. Cal. Nov. 20, 2007) (finding attorneys' requested fees reasonable when compared to rates in the Updated Matrix); *Interfaith Community Organization v. Honeywell International, Inc.,* 426 F.3d 694, 709 (3rd Cir. 2005)(upholding application of Updated Laffey Matrix based on LSI index). The Adjusted or Updated Laffey Matrix based on the national LSI index reflects a current, prevailing hourly rate of $796 for senior litigation counsel in the District of Columbia such as myself with twenty or more years' experience which is in line with my market billing rate.

12.     Since the beginning of 2009, I have undertaken representation as co-counsel on behalf of classes of plaintiffs in employment actions in federal and state courts in California subject to co-counsel agreements that my time is to be valued at hourly rates in the range of $600 to $800 with multiples ranging from 1.5 to 2.0 in the event of success.  My most recent undertakings are based on an agreed lodestar hourly rate of $800 with an agreed multiple of 1.5.

13.     <u>Total lodestar</u>.  My total lodestar, subject to possible deduction for the small amount of time I devoted to dismissed claims in relation to the pleadings and motions to dismiss is $239,760.00 based on 299.7 hours at $800 per hour.

14.     <u>Costs and Expenses</u>.  KMB claims reimbursement for the following costs and expenses incurred in connection with this matter:

Filing fees                        620
Copies 284@0.25          71.00
WL legal research      1.722.24
Total                          $2.413.24

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of January 2016 in Washington, DC.


            /s/ Daniel B. Edelman

Daniel B. Edelman

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 15, 2016, I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.


By: /s/John R. Parker, Jr.
John R. Parker, Jr.

6

EXHIBIT A

Exhibit 1

# KATZ, MARSHALL & BANKS, LLP



Daniel B. Edelman | *Senior Counsel*

202.299.1140
edelman@kmblegal.com
**Download vCard**

Three decades of outstanding representation of employees in labor and employment disputes

Helping employees who encounter problems because of whistleblowing and discrimination will always be my focus.

## "Helping employees who encounter problems because of whistleblowing and discrimination will always be my focus."

After 30 years as a partner with highly regarded Yablonski, Both & Edelman, Daniel B. Edelman joined Katz, Marshall & Banks, LLP as Of Counsel, specializing in employment discrimination, whistleblower, civil rights/civil liberties and contractual matters.

A graduate of Harvard University, Mr. Edelman received his law degree from Harvard Law School. He served as law clerk to U.S. Supreme Court Justice Harry A. Blackmun, and is widely considered to be a preeminent appellate advocate. He has been active and successful at all levels of state and federal courts.

Mr. Edelman drafted the critical appellate brief that precipitated the landmark civil rights victory, *Jenson v. Eveleth Mines*, the first-ever sexual harassment class action, handled by the law firm Sprenger & Lang. The *Jenson* case was the basis for the 2002 book "Class Action" and the 2005 movie "North Country." "Class Action" noted that the plaintiffs called in Mr. Edelman because they needed "to deliver nothing less than a brilliant appellate brief." Mr. Edelman delivered mightily. See C. Bingham & L. Gansler, Class Action (2002).

Over the course of more than three decades, Mr. Edelman has been recognized for his outstanding representation of employees in a wide range of labor and employment litigation, nationally and in the Washington, D.C. area. Martindale-Hubbell has rated Mr. Edelman "AV Preeminent," the highest possible peer review rating in legal ability and ethical standards, for over 30 years. He is also listed in the 2009-2016 editions of *Super Lawyers* in the category of labor and employment, as well as in the 2010-2016 editions of *The Best Lawyers in America* in the employment law category.

Mr. Edelman successfully represented the City of Detroit, its police department and individual officials in defense of protracted suits challenging the constitutionality of Detroit's affirmative action programs for police offer promotions and layoffs. *Detroit Police Officers Association v. Young*, 920 F. Supp. 755 (E.D. Mich. 1995) (defense of constitutional challenge to affirmative-action promotions); *NAACP v. Detroit Police Officers Ass'n and City of Detroit*, 900 F.2d 903 (6th Cir.), cert. denied, 498 U.S. 983 (1990) (defense of constitutional challenge to lay-offs of minority police officers).

Mr. Edelman is a member of the District of Columbia Bar, the Bar of the Supreme Court of the United States and the bars of several federal courts of appeals. He is a member of the Board of Directors of the UDC School of Law Foundation. He is also member of the Metropolitan Washington Employment Lawyers Association, the National Employment Lawyers Association and the College of Labor and Employment Lawyers. Mr. Edelman is a recipient of the NAACP Legal Defense Fund's pro bono award.

| Honors & Awards | Education |
|---|---|
| Best Lawyers in America, 2010–2016 | J.D., Harvard Law School, cum |
| Washington, D.C. "Super Lawyers," | laude, 1969 |

2009–2016
Fellow, College of Labor and
Employment Lawyers
Rated "AV Preeminent" by
Martindale–Hubbell® for over 30
years, 1983–2015

**Notable Case Successes**
**View Daniel Edelman's notable**
**case successes** (/firm/successful-
case-resolutions/daniel-
edelman)

**Affiliations**
District of Columbia Bar Association
Metropolitan Washington
Employment Lawyers Association
Edit Staff Member ‹ Katz, Marshall &
Banks — WordPress.html

B.A., Harvard College, magna
cum laude, 1966

**Bar Admissions**
District of Columbia
Supreme Court of the United
States
U.S. Court of Appeals for the
D.C. Circuit
U.S. Court of Appeals for the
First Circuit
U.S. Court of Appeals for the
Third Circuit
U.S. Court of Appeals for the
Fourth Circuit
U.S. Court of Appeals for the
Fifth Circuit
U.S. Court of Appeals for the
Sixth Circuit
U.S. Court of Appeals for the
Seventh Circuit
U.S. Court of Appeals for the
Eighth Circuit
U.S. Court of Appeals for the
Ninth Circuit
U.S. Court of Appeals for the
Tenth Circuit
U.S. Court of Appeals for the
Eleventh Circuit

**Testimonials**
"Dan Edelman and the rest of
the team at KMB handled my
case with incredible expertise,
professionalism and
compassion..."
— *Executive with a leading*
*public relations firm*

**See all Daniel Edelman's testimonials (/firm/testimonials/daniel-edelman)**

# Firm News

**Katz Discusses Title IX Compliance in Yik Yak Harassment Case**

*January 6, 2016*

---

**Three Firm Clients Settle Gender Discrimination and Retaliation Lawsuit with University of Tennessee**

*January 4, 2016*

---

**Carolyn Wheeler's Bloomberg Q&A Reviews EEOC Activity in 2015**

*December 21, 2015*

---

**David Marshall Comments on Whistleblower Award Backlog**

*December 18, 2015*

---



**Get to know us and how we can help you.**

**More News**





**Washington DC Office**

**202.299.1140**

1718 Connecticut Avenue, NW

Sixth Floor

Washington, DC 20009

202.299.1148 fax

EXHIBIT B

Exhibit 2



# Daniel B. Edelman's Notable Case Successes

## Employment Discrimination and Wrongful Termination

- *Espinoza v. Domino's Pizza, LLC, No. 09-80046 (9th Cir. 2009)* Briefing of opposition to defendants' petition to appeal from class certification order.
- *Winco Foods v. Superior Ct., No. F057233 (Calif. Ct. of App., 5th App. Dist., 2009)* Briefing of opposition to defendant's petition for writ of mandate seeking pretrial review of order granting class certification.
- *Oscarson v. Office of Senate Sergeant at Arms, 550 F.3d 1 (D.C. Cir. 2008)* Appellate briefing of appeal from denial of motion to discmiss discrimination claim under Congressional accountability act.
- *Desmond v. Mukasey, 530 F.3d 944 (D.C. Cir. 2008)* Appellate briefing defining sleeping as a "major life activity" under the Rehabilitation Act.
- *Kolstad v. American Dental Association, 527 U.S. 526 (1999)* Standard governing eligibility of plaintiffs for awards of punitive damages in federal civil-rights suits.
- *Estes v. Georgetown University, 231 F. Supp. 279 (D.D.C. 2002)* Jury verdict of compensatory damages and $1 million in punitive damages for claims of sex discrimination and retaliation.
- *Jenson v. Eveleth Taconite Co., 130 F.3d 1287 (8th Cir. 1997)* Appellate briefing of psychic damage issues in first-ever class sexual harassment suit.
- *In re Pepco Employment Litigation, C.A. No. 86-603 (D.D.C.)* Represented subclass of females on claims of discrimination against black and female employees and applicants culminating in what was the largest class settlement of discrimination claims in the District of Columbia.
- *Bowles v. National Ass'n of Home Builders, 224 F.R.D. 246 (D.D.C. 2004)* Waiver of attorney-client and work-product by defendants relating to our client's claims of tortious interference and civil conspiracy to cause wrongful termination.
- *Grosswald v. American College of Obstetricians and Gynecologists, C.A. No. 4212-95*

*(Sup. Ct. of Dist. of Col.)*
Defense of terminated employee's claims of discrimination and retaliation in violation of D.C. Human Rights Act culminating in summary judgment for defendant.

- *Moore v. United Mine Workers of America, 717 A.2d 332 (D.C. 1998)*
  Handled union's appeal from judgment awarding compensatory and punitive damages for sex discrimination gaining reversal of punitive damage award.

## Workplace Injuries and Wrongful Death

- *Baker v. Elkem Metals, Case No. 2000 CV 442 (Ct. of Common Pleas, Ashtabula City., Ohio)*
  Co-counsel in prosecution of intentional tort claim arising from traumatic workplace injuries suffered while loading pressurized tanker.

## Labor Antitrust

- *Brown v. Pro Football, Inc., 518 U.S. 231 (1996)*
  Tried antitrust claims for class of "practice squad" football players resulting in treble damage verdict of $30 million against NFL Clubs; judgment ultimately reversed based on non-statutory labor exemption to antitrust liability.
- *Tice v. Pro Football, Inc., 812 F. Supp. 255 (D.D.C. 1993)*
  Represented class in price-fixing claims based on NFL Clubs' agreement to pay fixed salaries to veteran players for the pre-season; settled for $5 million as part of comprehensive settlement of player-related litigation.

## Health and Pension Benefits

- *Bidwill v. Garvey, 943 F.2d 498 (4th Cir. 1991), cert. denied, 502 U.S. 1099*
  Affirmance of $30 million judgment for delinquent pension payments.
- *Ambromovage v. United Mine Workers of America, 726 F.2d 972 (3rd Cir. 1984)*
  Handled successful culmination of defense of union in twenty-year, multimillion dollar, pension derivative suit.
- *United Mine Workers of America v. Allied Corporation, 765 F.2d 412 (4th Cir.) (en banc), cert. denied, 473 U.S. 905 (1985)*
  Represented union in suit requiring employer to provide continuing retiree health coverage as remedy for violation of collectively-bargained successorship provision.

## Attorney's Fees Litigation

- *Save Our Cumberland Mountains v. Hodel, 857 F.2d 1516 (D.C. Cir. 1988) (en banc)*

Public-interest attorneys entitled to receive attorney-fee awards for representation of "prevailing plaintiffs" based on "market rates" of similarly qualified attorneys; led to development of "matrix" of hourly rates for determining statutory fees in federal and local courts in District of Columbia and administrative proceedings.

- *Chewning v. Hodel, C.A. No. 76-334 (D.D.C.)*
  Fee counsel for eleven law firms representing subclasses of female professional employees in remedy proceedings to determine individual back pay entitlement in class sex discrimination suit against U.S. Department of Energy.

## Miscellaneous Civil Litigation

- *Sportsolution, Inc. v. National Football League Players Association, M.D. Fla. No. 98-01154-CV-ORL-22C, rev'd in part, vacated in part, 54 Fed. Appx. 689 (11th Cir. 2002)*
  Represented union in defense of claims of breach of contract, promissory estoppel and unjust enrichment and prosecution of counterclaims; jury verdict rejected plaintiff's claims in their entirety and found for our client on counterclaims; district court's refusal to enter disgorgement order and injunctive relief was reversed.

## Union Democracy

- *Sadlowski v. United Steelworkers, 457 U.S. 102 (1982)*
  Together with the late Joe Rauh, represented union reformer in challenge to union rule prohibiting candidate for union office from receiving campaign contributions from nonmembers of union.
- *Local 6885, APWU v. American Postal Workers Union, 665 F.2d 1098 (D.C. Cir. 1981)*
  Represented plaintiff class on claim that denial of right to ratify collective bargaining agreement violated union members' "bill of rights".
- *Regan v. Williams, 1986 WL 8413 (W.D. Pa. 1986)*
  Secured preliminary injunction on behalf of officers of local union lifting unwarranted trusteeship imposed without hearing by United Steelworkers parent union.
- Mr. Edelman has served as an expert witness in cases involving claims of legal malpractice and disputes over the appropriate amount of court-awarded fees. He has represented numerous parties in the prosecution and defense of fee claims. He has been outside counsel in employment matters to the American College of Obstetricians and Gynecologists.
- Mr. Edelman worked with Chip Yablonski and the late Joe Rauh on the lawsuits which brought historic democratic reform to the United Mine Workers union and later served the UMW as Associate General Counsel.





**Washington DC Office**

**202.299.1140**

1718 Connecticut Avenue, NW

Sixth Floor

Washington, DC 20009

202.299.1148 fax