1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 GLYNNIS BOHANNON, et al.,                    Case No.  12-cv-01894-BLF

Plaintiffs,

8

9 v.                                           **ORDER APPROVING MINOR'S COMPROMISE**

FACEBOOK, INC.,

10                                              [Re: ECF 157]

Defendant.

11

12

13          Plaintiffs I.B. and J.W., both minors when this case began, sought injunctive and

14 declaratory relief against Facebook on behalf of a class of minor children who used Facebook

15 regarding their rights to disaffirm contracts under California law. *See* Class Certification Order at

16 23, ECF 131. The parties have settled this class action with agreement by Facebook to bring its

17 refund practices and policies into compliance with the California Family Code, update the relevant

18 language in its terms, and dedicate an internal queue to refund requests for in-app purchases made

19 by U.S. minors. *See* Revised Settlement Agreement, ECF 157. In addition, Facebook has agreed to

20 pay I.B. and J.W. $5,000 each for the effort they expended on this case. *Id.* In return, Plaintiffs

21 release their claims, but do not bind any other class member. *Id.*

22          The parties now seek approval of their settlement agreement. *See* Motion for Settlement

23 Approval, ECF 141. Plaintiff has filed a proposed order approving the settlement agreement

24 pursuant to Federal Rule of Civil Procedure 23. *See* ECF 157-1. Because this case involves

25 settlement with a minor, the Court must also consider and approve the Revised Settlement

26 Agreement as a minor's compromise.[1]

27 _____

28 [1] While J.W. represents that he was 13 in December 2011, *see* ECF 142-8 ¶ 2, and may therefore
no longer be a minor, the parties refer to both I.B. and J.W. as "minor Plaintiffs," *see* Revised

*United States District Court*
*Northern District of California*

## I.      LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.'" *Id*. "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza,* 573 F.2d 1075, 1080 (9th Cir. 1978).

A district court must consider whether the proposed settlement is fair and reasonable as to each minor plaintiff. *Id*. at 1182. "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*.

While the *Robidoux* Court expressly limited its holding to settlement of a minor's federal claims, "district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well." *Frary v. Cnty. Of Marin*, Case No. 12-cv-03928-MEJ, 2015 WL 3776402, at *1 (N.D. Cal. 2015); *see also Mitchell v. Riverstone Residential Grp*., 2013 WL 1680641, at *1 (E.D. Cal. Apr. 17, 2013) (collecting cases). Applying the *Robidoux* standard is particularly appropriate here as California law, which governs this case, also requires that a settlement for a minor be approved by the court. *See* Cal. Prob. Code § 3601; Cal. Fam. Code § 6602.

## II.     DISCUSSION

Pursuant to the settlement, Facebook has agreed to change its practices and terms regarding a minor's right to disaffirm his/her contract with Facebook. *See* Revised Settlement Agreement § 2. In addition, Facebook has agreed to make an incentive payment of $5,000 to a blocked account for each minor Plaintiff, from which no withdrawals may be made without a further written order

---

Settlement Agreement § 7.22. The Court therefore assumes a duty to assess the settlement's terms for both I.B. and J.W.

until that minor turns 18. *Id.* § 7.22. In return, I.B. and J.W., who allege that they are owed $7.40 and $999.30, respectively, release their claims against Facebook. *Id.* §§ 3, 7.21. The Court finds that these terms are fair and reasonable as to I.B. and J.W. The terms achieve the goal that I.B. and J.W. had for bringing this lawsuit and the incentive payments reward them for the time and effort they expended to protect the interests of the class. Accordingly, the Court APPROVES the Revised Settlement Agreement as a minor's compromise.

**IT IS SO ORDERED.**

Dated: May 26, 2016

BETH LABSON FREEMAN
United States District Judge

3