C. Brooks Cutter, SBN 121407
John R. Parker, Jr., SBN 257761
**CUTTER LAW, P.C.**
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 290-9400
Facsimile: (916) 558-9330
Emails: bcutter@cutterlaw.com / jparker@cutterlaw.com

Daniel B. Edelman, *pro hac vice*
**KATZ, MARSHALL & BANKS LLP**
1718 Connecticut Avenue NW, Suite 600
Washington, DC 20009
Telephone: (202) 299-1140
Email: edelman@kmblegal.com

Benjamin Edelman, *pro hac vice*
169 Walnut Street
Brookline, MA 02445
Telephone: (617) 359-3360
Email: ben@benedelman.org

*Class Counsel*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| I.B., by and through his Guardian ad Litem GLYNNIS BOHANNON; J.W., by and through his Guardian ad Litem STEVEN WRIGHT, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC.,<br><br>                    Defendant. | Case No. CV 12-01894-BLF<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND PRIOR JUDGMENT**<br><br>Date:  July 28, 2016<br>Time:  9:00 a.m.<br>Court Room 3, 5th Floor<br><br>Hon.: Beth Labson Freeman, United States District Court Judge for the Northern District of California |

## I. BACKGROUND

The Class, through Representative Plaintiffs I.B., by and through his Guardian ad Litem Glynnis Bohannon, and J.W., by and through his Guardian ad Litem Steven Wright ("Plaintiffs"), both represented by Cutter Law P.C., Katz, Marshall & Banks LLP, and Benjamin Edelman ("Class Counsel") and Defendant Facebook, Inc. ("Facebook") reached a Class Action Settlement that was recently approved by the Court. *See* Approval Order (Dkt. No. 163). Class Counsel requested a total amount of $1.25 million in reasonable attorneys' fees. *See* Motion (Dkt. No. 142) at 2; Memo. P&A ISO Motion (Dkt. No. 142-1) at 2. The Motion for Attorneys' Fees and Costs was fully briefed and orally argued before the Court. The Court issued an Amended Order granting the motion as modified. *See* Order (Dkt. No. 166).

Within the Order, the Court made a series of recalculations and reductions and awarded adjusted fee amounts. As part of that Order, the Court declined to award fees for any portion of the time worked by two associates on the case, Tiffany Tran and Jeremy Price, because, the Court observed, "there is no evidence that either one is an admitted attorney." But in their moving papers, class counsel stated under penalty of perjury that Ms. Tran and Mr. Price were "associates"—defined by the California Rules of Professional Conduct as members of the bar working as employees. Accordingly, the Court had more than enough information to justify a rate of $150 an hour for Ms. Tran and Mr. Price.

There is no equitable or legal basis for denying compensation for the work by these associates to enforce what the Court has found was an "important right affecting the public interest." Accordingly, Plaintiffs request the Court partially amend the prior judgment pursuant to Federal Rule of Civil Procedure 59(e) to award Class Counsel fees for the time expended by Tiffany Tran and Jeremy Price in this matter.

## II. ARGUMENT

### A. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure allows a district court to alter, amend, or vacate a prior judgment within twenty-eight days after entry. There are four basic grounds upon which a Rule 59(e) motion is generally granted: "(1) if such motion is necessary to correct

manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). However, because the "'specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion,'" and the court is not limited to these enumerated bases. *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). "Rule 59(e) provides an efficient mechanism by which a trial court judge can correct an otherwise erroneous judgment without implicating the appellate process." *Clipper Exxpress v. Rocky Mt. Motor Tariff Bureau*, 674 F.2d 1252, 1260-61 (9th Cir. 1982).

In conjunction with its Order on fees, the Court granted approval of the settlement agreement between the parties and ordered the case dismissed with prejudice (Dkt. No. 163). The settlement provides that the fees order is not appealable. Because the judgment on fees is not "interlocutory," Civil Local Rule 7-9 does not apply. *See Nidec Corp. v. Victor Co. of Japan*, 2007 U.S. Dist. LEXIS 86414, at *8 (N.D. Cal. 2007); *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897-98 (9th Cir. 2001); *AT&T Corp. v. Coeur d'Alene Tribe*, 295 F.3d 899, 912 n.7 (9th Cir. 2002). Accordingly, the proper method for seeking amendment or reconsideration of the Court's Order on Plaintiffs' Motion for Fees is through a motion filed under Rule 59(e).

**B. Analysis**

In its Order on Plaintiffs' Motion for Attorney's Fees, the Court determined that the evidence provided regarding Ms. Tran and Mr. Price was insufficient to award *any fees* for their over 280 hours of work on this matter. The Court should grant Plaintiffs' Motion to Amend the Judgment in order to correct this clear error and to prevent manifest injustice.

Plaintiffs sought a modest number of hours for work on this case that was performed by Tiffany Tran and Jeremy Price. Plaintiffs submitted evidence that Ms. Tran and Mr. Price "worked on this matter as associates" and that Brooks Cutter estimated their reasonable rate at

$150 per hour.  *See* Declaration of B. Cutter (Dkt. No. 142-4) ("Cutter Decl.") ¶¶ 1, 23 & Exhibit E.

Plaintiffs indicated that Ms. Tran and Mr. Price are in fact attorneys in their moving papers.  An "associate" at a law firm is necessarily an attorney; non-attorneys are reasonably and properly assigned other titles.  The use of the term "associate," in Plaintiffs' Motion for Attorney's Fees ("Pl. Mot.") and in the Cutter Decl. under penalty of perjury, thus indicated their status as attorneys.  *See* Cal. Rules of Professional Conduct 1-100(B)(3), (b)(4) (defining "lawyer" as applicable here as "a member of the State Bar of California" or another state's bar and defining "associate" as "an employee who is employed as a lawyer" (emphasis added)).  In fact, it would have been a violation of California's Rules of Professional Conduct for counsel in this case to refer to Ms. Tran and Mr. Price as "associates" if they were not in fact members of the California Bar, which they were and are.

Moreover, Plaintiffs specifically indicated that they sought no payment for any work expended in this matter by non-attorney "law clerks and paralegals" (Pl. Mot. at 2, Cutter Decl. at 5).  With non-attorneys explicitly excluded, the only reasonable inference is that all remaining staff must be attorneys.  That Ms. Tran and Mr. Price are attorneys is a matter of public record, and Plaintiffs thought their status as lawyers *qua* lawyers was simply not disputable.[1]

The Court's Order found both that the proposed hourly rate is reasonable for associates, and that the amount of time requested is reasonable.  The Court first noted "that $150/hour is a low request for an associate's hourly fee in the Bay Area."  Order at 9.  The Court also found that the hours requested for the work of Ms. Tran and Mr. Price "appear[ed] reasonable."  *Id.* at 16.

The Court faulted Plaintiffs solely for "provid[ing] no information regarding Ms. Tran and Mr. Price's experience" or "information regarding when, or even whether, these individuals

---

[1] Facebook incorrectly claimed that Plaintiffs did not provide the first names of Ms. Tran or Mr. Price (Opposition at 3), whereas in fact their first names are in Cutter Decl. at 2.  The fact that both Ms. Tran and Mr. Price subsequently moved to new employers, the fact that they are not the only California bar members with similar names, and the fact that the California Bar web site provides information only about an attorney's current employer were a coincidence of events that, collectively, impeded the Court's efforts to confirm that Ms. Tran and Mr. Price are attorneys.  See Order at 9.

3

graduated from law school or gained admittance to the bar." Order at 9, 11. A fair reading of Pl. Mot. and the Cutter Decl. (as to the meaning of the word "associates" and the exclusion of non-attorney time) provides sufficient information to justify a rate of $150/hour, and Plaintiffs have now provided even more information regarding Ms. Tran and Mr. Price's bar status, in Mr. Parker's letter (Docket 164).

Plaintiffs respectfully submit that the meritorious work of Ms. Tran and Mr. Price is properly included in payment to Plaintiffs. Any omission in Plaintiffs' prior filing is not an equitable or legal basis for denying compensation for the extensive work of Ms. Tran and Mr. Price, given that Class Counsel stated under penalty of perjury that both were members of the bar per the definitions set forth in the California Rules of Professional Conduct. Because the Court accepted Ms. Tran and Mr. Price's claimed rates and time expenditures as reasonable, as well as a 1.2 modifier (*see* Order at 19) awarding a rate of zero dollars per hour for their contributions would be manifestly unjust.

Additionally, the Court's denial of the time of Ms. Tran and Mr. Price expended in this matter went well beyond anything Facebook requested in briefing. In its Opposition to the Motion for Fees (Dkt. No. 145) ("Opposition"), Facebook made several arguments regarding the fees requested for Ms. Tran and Mr. Price, alleging a lack of evidence regarding their employment or educational backgrounds. Opposition at 3. However, Facebook never contended that these faults should result in zero compensation for the hours worked by Ms. Tran and Mr. Price. Facebook raised the lack of background information for the associates in a section arguing that the claimed rates should be *reduced* in light of the experience of the various attorneys considered. Opposition at 19-20. In the only other section directly discussing Ms. Tran or Mr. Price, Facebook requested only that the number of hours claimed by the two associates "should be reduced significantly" along with those of other counsel given the inadequacies Facebook claimed. Opposition at 23.

Facebook nowhere asserted any equitable or legal basis for denying *all* fees for Ms. Tran and Mr. Price once the Court found that fees are available under California Code of Civil Procedure § 1021.5. Indeed, when faced with fee requests that are not supported by detailed

4

information regarding experience and employment, Northern District courts have still made a determination of a reasonable rate to compensate the hours worked and made a reasonable award even for non-attorneys' work. *See Ibrahim v. Dep't of Homeland Sec.*, 2014 U.S. Dist. LEXIS 145633, at *25-26 (N.D. Cal. 2014) (compensating the work of non-attorneys despite plaintiff's counsel providing no basis for the requested rate); *Minor v. Christie's, Inc.*, 2011 U.S. Dist. LEXIS 9219, at *42 (N.D. Cal. 2011) (finding the requested rate for non-attorneys was "excessive and unreasonable" and that no information was provided "regarding their training or expertise," but compensating their time at $200 per hour).

Indeed, the low rate requested for Ms. Tran and Mr. Price would be presumptively reasonable regardless of whether they were admitted to the bar or even attended law school. *See In re LinkedIn User Privacy Litig.*, 309 F.R.D. at 591-92 (finding the prevailing rate for litigation support staff ranged from $150 to $240). See also *Ibrahim v. Dep't of Homeland Sec.*, 2014 U.S. Dist. LEXIS 145633, at *25-26 (N.D. Cal. 2014) (compensating the work of non-attorneys despite plaintiff's counsel providing no basis for the requested rate); *Minor v. Christie's, Inc.*, 2011 U.S. Dist. LEXIS 9219, at *42 (N.D. Cal. 2011) (finding the requested rate for non-attorneys was "excessive and unreasonable" and that no information was provided "regarding their training or expertise," but compensating their time at $200 per hour). Even putting aside the fact that Ms. Tran and Mr. Price indisputably are attorneys, the $150 rate is so low that Plaintiffs need not establish the two associates' status as attorneys in order to support the proposed rate.

### III.   CONCLUSION

There is no equitable or legal basis for completely denying compensation for any of the time worked by Ms. Tran and Mr. Price. For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Amend the Judgment, awarding a reasonable amount of attorneys' fees for Ms. Tran and Mr. Price's work, specifically, for Ms. Tran, 277.8 hours at $150, with the Court's 1.2 multiplier for a total of $50,004.00, and for Mr. Price, 9.5 hours at $150, with the Court's 1.2 multiplier for a total of $1,710.00.

DATED:  June 10, 2016                  Respectfully submitted,

CUTTER LAW P.C.

By:   */s/ John R. Parker, Jr.*
            John R. Parker, Jr.

            Daniel B. Edelman
            KATZ, MARSHALL & BANKS LLP
            1718 Connecticut Avenue NW, Suite 600
            Washington, DC 20009
            Telephone: (202) 299-1140
            Email: edelman@kmblegal.com

            Benjamin Edelman
            169 Walnut Street
            Brookline, MA 02445
            Telephone: (617) 359-3360
            Email: ben@benedelman.org

            *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2016, I caused a copy of the foregoing document to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

By: */s/John R. Parker, Jr.*

John R. Parker, Jr.