**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

GLYNNIS BOHANNON, et al.,
Plaintiffs,

v.

FACEBOOK, INC.,
Defendant.

Case No. 12-cv-01894-BLF

**ORDER DENYING PLAINTIFFS' MOTION TO AMEND PRIOR JUDGMENT**

On June 2, 2016, the Court granted Plaintiffs $921,996 in attorneys' fees, $29,115.66 in costs, and $5,000 in incentive payments for each named Plaintiff. *See* Fee Order, ECF 166. Plaintiffs now ask the Court to amend its order to grant them an additional $51,714.00 for the work of Tiffany Tran and Jeremy Price, which the Court previously declined to do because Plaintiffs had failed to provide any information regarding their experience, education, or bar admittance. Mot. at 5, ECF 169-1 (citing Fee Order at 9, 11).[1]

"Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999)). However, "amending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Id.* (internal citation omitted). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of

[1] The Court finds this matter appropriate for adjudication without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the motion is hereby SUBMITTED and the hearing is VACATED.

United States District Court
Northern District of California

United States District Court
Northern District of California

law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Id.*

Plaintiffs argue that the declaration of their attorney, Brooks Cutter, describing Ms. Tran and Mr. Price as individuals who "worked on this matter as associates" should have sufficed to support Plaintiffs' fee request for their work because the California Rules of Professional Conduct define "associate" as "an employee who is employed as a lawyer". Mot. at 2-3, ECF 169-1. In addition, Plaintiffs contend that the Court exceeded Defendant's request to exclude some, but not all, of the fees requested for Ms. Tran and Mr. Price. *Id.* at 4.

Defendant opposes this motion, arguing that Plaintiffs cannot seek amendment based on arguments they could have presented in prior briefing. Opp. at 1, ECF 170. As Defendant correctly points out, Defendant highlighted the lack of information regarding Ms. Tran and Mr. Price in its opposition to Plaintiffs' fee motion and argued that their claimed rates were unsupportable for that reason. *Id.* at 2. While Plaintiffs submitted supplemental evidence in response to other arguments Defendant raised in its opposition, Plaintiffs failed to offer any evidence or argument regarding Ms. Tran and Mr. Price.

The Court agrees with Defendant. "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). Here, Plaintiffs rely solely on arguments and evidence that they could have offered before the Court issued its Fee Order. Accordingly, Plaintiffs' motion to amend is DENIED.

**IT IS SO ORDERED.**

Dated: August 5, 2016

BETH LABSON FREEMAN
United States District Judge